UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HAROLD W. WILLIAMS, | Civil Action No. 15-1408 |
| Plaintiff, | |
| v. | OPINION |
| UNION COUNTY JAIL, et al., | |
| Defendants. | |

**ARLEO, United States District Judge:**

I. **INTRODUCTION**

Plaintiff, currently confined at Somerset County Jail, seeks to bring this § 1983 action *in forma pauperis*. Based on his affidavit of indigence, the Court will grant Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the complaint. At this time, the Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. Plaintiff alleges that the administration at Union County Prison miscalculated his aggregate sentence and have held him beyond the expiration of his sentence. Because it is unclear whether Plaintiff is still serving that allegedly illegal sentence, which would require him to bring a petition for habeas relief, and because his claim is barred at this time by *Heck v. Humphrey*, 512 U.S. 477 (1994), the Court will dismiss Plaintiff's Complaint without prejudice.

## II. FACTUAL BACKGROUND

Plaintiff is currently confined in Somerset County Jail and has brought an action pursuant to 42 U.S.C. § 1983 alleging that the administration at Union County Jail miscalculated his aggregate county sentences, which has resulted in his imprisonment beyond the date on which his sentence should have expired. Plaintiff's Complaint is not a model of clarity, but it appears that he was sentenced in three different counties for three different offenses between August 2013 and October 2013. (No. 1 at 5-6.) On August 29, 2013, Plaintiff was sentenced to 90 days in Somerset County. (*Id.*) On October 25, 2013, was sentenced to 270 days in Union County. (*Id.*) On November 20, 2013, a Linden Municipal Court judge sentenced Plaintiff to 180 days. (*Id.*) Plaintiff appears to contend that the sentencing courts ordered these sentences to run concurrently but that Administrators at Union County Jail ran them consecutively. (*Id.*) Plaintiff also alleges that he received paperwork from a social worker indicating that that his release date was March 19, 2014, but he was not released on that date.

Plaintiff indicates that he did not seek any formal or informal relief from the appropriate administrative officials and explains that he did not pursue any administrative remedies because he "did not know how to go about fil[l]ing out or getting the paper work." (*Id.* at 5.) In his Complaint, however, Plaintiff does indicate that when his expected release date passed, he complained to the administration and they sent him to the Central Reception and Assignment Facility ("CRAF"). (*Id.* at 6.)

It is unclear whether Plaintiff is still serving the sentence or sentences that form the basis for his § 1983 claim. In his Complaint, Plaintiff does not indicate whether he was released from prison after he was sent to CRAF. A search of the New Jersey Department of Corrections,

Inmate locator database indicates that Plaintiff was released from custody on July 21, 2014.[1] However, Plaintiff mailed his Complaint on February 10, 2015 from Somerset County Jail. (*Id.*) Plaintiff seeks damages in the amount of $500,000.00 but does not seek release from Somerset County Jail, where he is currently confined. (*Id.* at 6). It is not clear from the Complaint on what charge or charges Plaintiff is currently incarcerated.

### III. ANALYSIS

#### A. Standard for *Sua Sponte* Dismissal under the Prison Litigation Reform Act

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, see 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, see 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, see 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility

---

[1] *See* New Jersey Department of Corrections, Offender Search Form, available at https://www6.state.nj.us/DOC_Inmate/details?x=1000710&n=0.

3

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting Iqbal, 556 U.S. at 678). Moreover, while pro se pleadings are liberally construed, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

### B. Plaintiff's § 1983 Claim is Not Cognizable at this Time

Here, Plaintiff's has alleged that prison administration at Union County Jail violated his constitutional rights by miscalculating his aggregate county sentences, illegally failing to run the sentences concurrently. Because Plaintiff has not indicated whether he is still serving the sentence or sentences at issue, it is not clear whether Plaintiff's claim is properly brought as a claim under 42 U.S.C. § 1983 or as a petition for a writ of habeas corpus. Federal law provides two avenues of relief to prisoners: a petition for habeas corpus and a civil rights complaint. *See Muhammad v. Close,* 540 U.S. 749, 750, 124 S.Ct. 1303, 158 L.Ed.2d 32 (2004). In general, "[c]hallenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus ... [while] requests for relief turning on circumstances of confinement [fall within the realm of] a § 1983 action." *Id.* Further, it is well-established that detaining a prisoner beyond the termination of his or her sentence can amount to cruel and unusual punishment in violation of the Eighth Amendment and thus form the basis for a claim under § 1983. *See Sample v. Diecks,* 885 F.2d 1099, 1108 (3d Cir. 1989).

As explained below, if Plaintiff is still serving the sentence at issue, his relief is in the form of a petition for a writ of habeas corpus, which requires him to first exhaust his administrative remedies. If his is no longer serving the sentence at issue, his claim is barred until

4

such time that he meets the favorable termination requirement of *Heck v. Humphrey*, 512 U.S. 477 (1994).

### 1. If Plaintiff is Still Serving the Allegedly Illegal Sentence, His Relief is in the Form of a Habeas Petition Not an Action Under Section § 1983

If Plaintiff is still serving the sentence that is the basis for his § 1983 claim, his § 1983 claim is not cognizable and he "must seek federal habeas corpus relief (or appropriate state relief) instead." *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (jurisprudence requires that "state prisoners use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement – either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody"); *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical confinement [...] his sole federal remedy is a writ of habeas corpus."; *Coady v. Vaughn*, 251 F.3d 480 (3d Cir. 2001) (state prisoner's challenge to denial of parole or challenge to the legality of continued state custody must be brought under § 2254 which requires the exhaustion of state court remedies); *Brown v. Fauver*, 819 F.2d 395 (3d Cir. 1987) (inmate's civil rights action seeking restoration of good time credits was in essence an action seeking habeas corpus relief which is not cognizable under § 1983).

Here, Plaintiff does not seek release from Somerset County Jail in his Complaint and public records indicate that his sentence expired and he was released on July 21, 2014. If this is not the case, however, and Plaintiff is still serving the sentence that forms the basis of his § 1983

claim, he could seek habeas relief in federal court after he properly exhausts his state court administrative remedies.[2]

### 2. Plaintiff's § 1983 Claim is Currently Barred by *Heck v. Humphrey*

To the extent Plaintiff is no longer incarcerated, the Court construes Plaintiff's Complaint as a claim for incarceration beyond the expiration of his sentence. Detaining a prisoner beyond the termination of his or her sentence can amount to cruel and unusual punishment in violation of the Eighth Amendment. *Sample*, 885 F.2d at 1108; *see also Edwards v. Power*, et al., No. 07–4121, 2014 WL 5092916, at 5 (D.N.J. Oct. 10, 2014).

To state a Section 1983 claim for incarceration beyond the expiration of a prisoner's sentence, a prisoner must establish that: (1) a prison official "had knowledge of the prisoner's problem and thus of the risk that unwarranted punishment was being, or would be, inflicted"; (2) the prison official "either failed to act or took only ineffectual action under the circumstances, indicating that his response to the problem was a product of deliberate indifference to the prisoner's plight"; and (3) a causal connection exists between the prison official's response to the problem and the unjustified detention." *Moore v. Tartler*, 986 F.2d 682, 686 (3d Cir. 1993).

---

[2] Plaintiff states in his Complaint that he has not exhausted administrative remedies at the state level. A state prisoner must exhaust available state remedies before filing a petition for habeas corpus in federal court. 28 U.S.C. § 2254(b) and (c). This requirement serves the interests of comity between the federal and state systems by allowing the state an initial opportunity to determine and correct any violations of a prisoner's federal rights. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999) ("Comity ... dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief."). "The exhaustion rule also serves the secondary purpose of facilitating the creation of a complete factual record to aid the federal courts in their review." *Walker v. Vaughn*, 53 F.3d 609, 614 (3d Cir. 1995).

Even assuming Plaintiff has sufficiently pleaded the elements of an Eighth Amendment claim, his claim is not cognizable at this time due to the favorable termination rule in *Heck v. Humphrey*, 512 U.S. 477 (1994). The Supreme Court held in *Heck* that an action under § 1983 seeking "damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable under § 1983 unless "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-7.

The Third Circuit applies *Heck's* favorable termination rule to Eighth Amendment claims based on incarceration beyond the original sentence. *See Glenn v. Pennsylvania Bd. of Probation and Parole*, 410 F. App'x 424 (3d Cir. 2011). As the Third Circuit explained, "[w]ere we to agree with [Plaintiff] that he has been imprisoned beyond the expiration of his sentence, that would necessarily imply that the Parole Board has incorrectly determined his release date or has failed to timely release him. Because no court has so held, [Plaintiff's] action is barred by *Heck*." *Id.* at 426.

The Third Circuit also applies *Heck's* favorable termination requirement where the prisoner has finished serving his sentence and thus it is no longer possible to meet the "favorable termination" requirement of *Heck* by obtaining habeas corpus relief. *See Deemer v. Beard*, 557 F. App'x 162, 163-167 (3d Cir. Feb. 27, 2014); *see also Williams v. Consovoy*, 453 F.3d 173, 177-78 (3d Cir. 2006) (declining to hold that Heck's favorable termination rule does not apply to defendants who are no longer in custody absent clear direction from the Supreme Court). In *Deemer*, the Plaintiff was paroled from a Pennsylvania prison with 489 days left on his sentence

and was required to enter a drug rehabilitation program. *Id.* When he failed to report for the program, a detainer warrant was issued for his arrest and he remained a fugitive until he was arrested in Warren County, New Jersey for an unrelated crime. *Id.* For 366 days, until the charges against him were dismissed, Plaintiff was detained in Warren County without bail. *Id.* After serving time on an unrelated conviction in Bergen County, Plaintiff was returned to Pennsylvania and incarcerated at SCI Mahanoy. *Id.* The Parole Board determined that Plaintiff must serve the entire 489 days remaining on his sentence and rejected Plaintiff's contention that he should receive credit for the 366 days of custody in Warren County. *Id.* While still in prison, Plaintiff challenged the Board's determination through several administrative and judicial avenues but did not obtain relief. *Id.* He filed his § 1983 claim after he was released, alleging that the Board had failed to credit the 366 days spent in Warren County against his remaining sentence, which resulted in his incarceration beyond the maximum sentence. *Id.* The District Court granted Defendant's motion to dismiss relying on *Heck*. The Third Circuit upheld the dismissal, finding that *Heck's* favorable termination requirement was universal and applied even where the plaintiff was no longer in custody and thus federal habeas relief was unavailable. *Id.* at 165-66.

Because *Heck's* favorable termination requirement applies to Plaintiff's claim that he was unlawfully held beyond the date his sentence expired, and because Plaintiff does not allege any facts showing that he has met the favorable termination requirement of *Heck*, Plaintiff may not seek relief under § 1983 at this time. Plaintiff may file a new § 1983 complaint for damages for injury caused by the allegedly unconstitutional imprisonment if his confinement is invalidated by state authorities or called into question by issuance of a writ of habeas corpus under 28 U.S.C. § 2254. Because his federal claims for damages and injunctive relief are not cognizable under §

1983 at this time, however, the Court will dismiss them without prejudice. *See United States v. Miller*, 197 F.3d 644, 652 n. 7 (3d Cir. 1999) ("When a plaintiff files a § 1983 action that cannot be resolved without inquiring into the validity of confinement, the court should dismiss the suit without prejudice").

### 3. CONCLUSION

For the reasons expressed herein, Plaintiff's Complaint dismissed without prejudice. An appropriate Order follows.

_____
Madeline Cox Arleo, District Judge
United States District Court

Date: _____, 2015